```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO
```

_____
                                        )
MICHAEL BROWN, JR., NATHAN COLE,        )
AARON FLOYD, BRANDON HORTON,            )
ERIC MOORE, GREGORY SEAL,               )
JOHN WILTERDING, MANNY RIVERA,          )
RICHARD PADILLA, DAN VISCHANSKY,        )
NEAL NIDA, KEVIN SHOFNER,               )
SHAUN STOCKTON, KYRAN ADAMS,            )
CODY PIPER, JOHN GABLE,                 )
DONNA TURBVILLE, individually, on       )
behalf of themselves and all            )
others similarly situated,              )
                                        )
                 Plaintiffs,            )
                                        )
       v.                               )   CIVIL ACTION
                                        )   NO. 3:18-01263-WGY
J&W GRADING, INC., MIGO IQ, INC.,       )
RADAR_APPS, INC., ECO IQ LLC,           )
CLOUD IQ, LLC, SYNERGY LLC,             )
MOJO TRANSPORT, LLC,                    )
RONNIE GUTHRIE, JONATHON KOTTHOFF,      )
CAROL LEESE, JASON NEILITZ,             )
IVELISSE ESTRADA RIVERO, and            )
DOES 1-100,                             )
                                        )
                 Defendants.            )
_____)

YOUNG, D.J.[1]                                      January 8, 2019


                              **ORDER**

     The Plaintiffs, individually and putatively on behalf of

all others similarly situated, have sued the Defendants seeking

recovery for violations of the Fair Labor Standards Act

---

[1] Of the District of Massachusetts, sitting by designation.

("FLSA"), 29 U.S.C. §§ 201 et seq., and similar Puerto Rico labor statutes. Pls.' Am. Collective Class Compl. ("Compl.") 1-2, ECF No. 96. The Plaintiffs also seek recovery under common law theories of breach of contract, unjust enrichment, fraudulent inducement, conversion, and negligent bailment. Id. at 2.

The Defendants -- J&W Grading, Inc. ("J&W Grading") and Ronnie Guthrie ("Guthrie"); Cloud IQ, LLC ("Cloud IQ"), MOJO Transport, LLC ("MOJO"), and Jason Neilitz ("Neilitz"); Synergy LLC ("Synergy"); Ivelisse Estrada Rivero ("Rivero"); ECO IQ, LLC ("ECO IQ"); and Migo IQ, Inc. ("Migo IQ"), Radar_Apps, Inc. ("Radar_Apps"), Jonathon Kotthoff ("Kotthoff"), and Carol Leese ("Leese") -- filed six motions to dismiss, respectively, and accompanying memoranda. Mot. Dismiss Third Am. Compl. 12(b)(6) ("J&W Mot."), ECF No. 113; Mot. Dismiss Third Am. Compl. Failing State Claim ("Cloud Mot."), ECF No. 114; Def. Synergy Mot. Dismiss Second Am. Collective Action Compl. ("Synergy Mot."), ECF No. 115; Def. Rivero's Mot. Dismiss Second Am. Compl. ("Rivero Mot."), ECF No. 118; Def. ECO Mot. Dismiss Am. Compl. ("ECO Mot."), ECF No. 127;[2] Mot. Dismiss Third Am. Compl. 12(b)(6) ("Migo Mot."), ECF No. 135.

---

[2] ECO IQ moved to dismiss only after answering the Plaintiffs' complaint. Answer Second Am. Compl., ECF No. 116. Because Federal Rule of Civil Procedure 12(b) requires such a motion be made "before pleading if a responsive pleading is

[2]

J&W Grading initiated bankruptcy proceedings on December 11, 2018, while the Defendants' motions to dismiss were pending. Voluntary Pet. Non-Individuals Filing Bankruptcy, ECF No. 149-2; Electronic Clerk's Notes, ECF No. 159. As a result, all claims against J&W Grading have been automatically stayed. Id.; see 11 U.S.C. § 362(a)(1). None of the Court's rulings here, including the disposition of motions brought by Guthrie, will affect the rights of J&W Grading.

While the stay that issues when a party files for bankruptcy under section 362 is broad, "it does not protect separate legal entities, such as corporate directors, officers or affiliates, partners in debtor partnerships or codefendants in pending litigation." 3 Collier on Bankruptcy ¶ 362.03 (Richard Levin & Henry J. Sommer, eds. 16th ed. 2018) (citing, among others, Patton v. Bearden, 8 F.3d 343 (6th Cir. 1993); Williford v. Armstrong World Indus., Inc., 715 F.2d 124 (4th Cir. 1983); Wedgeworth v. Fibreboard Corp., 706 F.2d 541 (5th Cir. 1983)). The stay of proceedings against J&W Grading

---

allowed," this Court considers ECO IQ's motion to dismiss as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). At the December 20, 2018 hearing, the Court erroneously stated that it would consider the Answer as a motion for judgment on the pleadings.

[3]

thus does not extend to Guthrie, its alleged owner, Compl. ¶ 34, or any of the other Defendants.[3]

The Court held a hearing on December 20, 2018, where counsel for all of the Defendants except J&W Grading and Guthrie were present. Electronic Clerk's Notes, ECF No. 159.

After carefully reviewing all of the pleadings, this Court DENIES in part and GRANTS in part the motions to dismiss brought by Defendants J&W and Guthrie, ECF No. 113; Cloud IQ, MOJO, and Neilitz, ECF No. 114; Synergy, ECF No. 115; Rivero, ECF No. 118; ECO IQ, ECF No. 127; and Migo IQ, Radar_Apps, Kotthoff, and Leese, ECF No. 135.

First, the Court holds that the Plaintiffs have alleged sufficient facts to make out a plausible claim that Defendants Guthrie, ECO IQ, Cloud IQ, Synergy, Radar_Apps, MOJO, Kotthoff, Leese, Neilitz, and Rivero are employers under the FLSA. The Plaintiffs have plausibly alleged that at least some of the named entities were -- along with J&W Grading and Guthrie -- their joint employers. See Falk v. Brennan, 414 U.S. 190, 195 (1973); see also Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporations covered

---

[3] Accordingly, all subsequent references to "Defendants" in this Order refer to all Defendants but J&W Grading unless otherwise indicated.

[4]

enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.").[4] Further, the Complaint provides enough factual allegations indicating that ECO IQ, Cloud IQ, Synergy, Radar_Apps, MOJO, Kotthoff, Leese, Neilitz, and Rivero ("Technology Defendants") are liable under the FLSA pursuant to a single enterprise theory to survive at this stage. See Brennan v. Arnheim & Neely, Inc., 410 U.S. 512, 520 (U.S.) (affirming the district court's distillation of the elements of the FLSA's definition of an "enterprise" as related activities, unified operation or common control, and common business purpose); see also Engelhardt v. S.P. Richards Co., 472 F.3d 1, 4 (1st Cir. 2006) (applying "integrated enterprise" test to employers under the Family and Medical Leave Act).

For this reason, the Defendants' motions to dismiss Count I and Count III, alleging violations of FLSA's minimum wage and retaliation provisions, are denied.

Count II, alleging violations of FLSA's overtime provisions, is dismissed as to Cloud IQ, MOJO, Neilitz, Synergy, Guthrie, and Rivero on their Rule 12(b)(6) motions.

---

[4] In reaching this conclusion, I note that the affidavits submitted with the Plaintiffs' Motions for Sanctions, see ECF Nos. 132 and 137, amplify the Plaintiffs' contention that at least some of the Technology Defendants jointly employed them.

[5]

Count IV is dismissed as to all Defendants because, as ECO IQ argued, ECO IQ Mot. 19, sections 173-78 of chapter 29 of the Puerto Rico Laws impose requirements on employers but do not authorize a private right of action.

Migo's motion to dismiss Count IX, alleging breach of the rental agreement, is granted, and Count IX is dismissed as to all other Defendants as the Plaintiffs failed to allege that they were parties to the Rental Agreement.

The Defendants' motions to dismiss Counts V and VII, alleging Puerto Rico minimum wage and retaliation claims, are denied alongside those seeking dismissal of their federal corollaries. Count VI, alleging violations of Puerto Rico's overtime provisions, is dismissed as to Cloud IQ, MOJO, and Synergy on their motions.

Guthrie's motion to dismiss Count VIII, alleging breach of the per diem agreement, Count X, alleging unjust enrichment, Count XI, alleging fraudulent inducement, and Count XII, alleging conversion, is denied.

ECO IQ's motion to dismiss is denied as to Counts VIII and X, but granted as to Count XI, alleging fraudulent inducement, and Count XII, alleging conversion.

All other claims remain alive and discovery may commence immediately. An opinion explaining these rulings shall follow.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE