# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| Michael Brown, Jr., Nathan Cole, Aaron Floyd, Brandon Horton, Eric Moore, Gregory Seal, John Wilterding, Manny Rivera, Richard Padilla, Dan Vischansky, Neal Nida, Kevin Shofner, Shaun Stockton, Kyran Adams, Cody Piper, John Gable, Donna Turbville, individually, on behalf of themselves and all other similarly situated, | CIVIL NO.: 18-1263 (WGY) |
| **PLAINTIFFS,** | COLLECTIVE AND CLASS ACTION |
| **vs.** | |
| J&W Grading, Inc., Migo IQ, Inc., Radar_Apps, Inc., ECO IQ LLC, Cloud IQ, LLC, Synergy LLC, Mojo Transport, LLC, Ronnie Guthrie, Jonathon Kotthoff, Carol Leese, Jason Neilitz; Ivelisse Estrada Rivero; and DOES 1-100. | |
| **DEFENDANTS.** | |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW** Co-defendant SYNERGY LLC ("**SYNERGY**"), represented by and through the undersigned attorneys and before this Honorable Court very respectfully answers, sets forth and prays as follows:

Plaintiffs' introductory paragraphs are nothing more than recitations and explanations of intent as to parties, claims and purported recoveries, herein considered statements and/or conclusions of law not in need of an answer at this time. In the alternative, any such factual and/or

legal allegations and/or claims comprised therein are hereby denied as to co-defendant SYNERGY.

## NATURE OF THE ACTION

1.      As to paragraph #1 of the Second Amended Complaint, no averments are included that may require a responsive pleading, insofar as it contains introductory statements of Plaintiff's claims that do not require an answer. In the alternative, the averments included in paragraph #1, if any, are hereby denied. Co-defendant SYNERGY specifically denies having any knowledge and/or having been part and/or a participant in the hiring, engagement, supervision and/or payment of wages to employees that could warrant any kind of the claims stated in the Second Amended Complaint filed in the captioned case. Moreover, claims asserted against co-defendant Synergy pursuant to "(ii) unpaid overtime wages for all hours worked exceeding 40 in a week", were dismissed in this case.

2.      As to paragraph #2 of the Second Amended Complaint, no averments are included that may require a responsive pleading, insofar as it contains introductory statements of Plaintiff's claims that do not require an answer. In the alternative, the averments included in paragraph #2, if any, are hereby denied. Co-defendant SYNERGY specifically denies having any knowledge and/or having been part and/or a participant in the hiring, engagement, supervision and/or payment of wages to employees that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "unpaid overtime" under Puerto Rico Wage Payment Statutes, were also dismissed in this case.

3.      The averments included in paragraph #3 of the Second Amended Complaint constitute conclusions of law not requiring an answer and/or response at this time. In the

alternative, as to paragraph #3 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein, specifically denying the existence of any employment relationship between SYNERGY and the Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy pursuant to "…failing to make lease payments and refusing to return leased property…", were dismissed in this case.

4.      As to paragraph #4 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and the Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "not compensated for overtime" under Puerto Rico applicable law or otherwise, were also dismissed in this case.

5.      As to paragraph #5 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and the Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case.

6.      As to paragraph #6 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of a "class" and/or alleged "Collective Action Members", that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "unpaid overtime compensation" under Puerto Rico applicable law, were also dismissed in this case.

7.      The averments included in paragraph #7 of the Second Amended Complaint constitute conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #7 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, also in the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and the Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "proper overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

8.      The averments included in paragraph #8 of the Second Amended Complaint constitute statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #8 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein as they are not directed at SYNERGY and, if

any is to be understood as addressing SYNERGY, they must and are hereby denied due to the lack of an employment relationship between SYNERGY and the Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

9.     The averments included in paragraph #9 of the Second Amended Complaint constitute statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #9 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein as they are not directed at SYNERGY and, if any is to be understood as addressing SYNERGY, they must and are hereby denied due to the lack of existence of a "class" and/or alleged "Collective Action Members" in this case, as well as to the lack of an employment relationship between SYNERGY and the Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime" under Puerto Rico applicable law or otherwise, were also dismissed in this case.

**PARTIES**

10.     As to paragraph #10 of the Second Amended Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs

and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case.  Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

11.     As to paragraph #11 of the Second Amended Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case.  Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

12.     As to paragraph #12 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

13.     As to paragraph #13 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

14.     As to paragraph #14 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

15.     As to paragraph #15 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged

"Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

16.     As to paragraph #16 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

17.     As to paragraph #17 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

18.     As to paragraph #18 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

19.     As to paragraph #19 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

20.     As to paragraph #20 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged

"Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

21.     As to paragraph #21 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

22.     As to paragraph #22 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

23.     As to paragraph #23 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

24.     As to paragraph #24 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

25.     As to paragraph #25 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged

"Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

26.     As to paragraph #26 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein, specifically denying the existence of any employment relationship between SYNERGY and this particular plaintiff, nor with other Plaintiffs and/or their alleged "Collective Action Members", if any, that could somehow warrant any kind of the claims stated in the Second Amended Complaint, as filed against this co-defendant in the captioned case. Moreover, claims asserted against co-defendant Synergy, pursuant to "overtime compensation" under Federal and/or Puerto Rico applicable law, were also dismissed in this case.

27.     As to paragraph #27 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and the averments are not directed at nor related to SYNERGY.

28.     As to paragraph #28 of the Second Amended Complaint, co-defendant SYNERGY denies the averments as drafted; only admits having knowledge of the creation of a company by the name of ECO IQ LLC organized pursuant to the laws of Puerto Rico.

29.     As to paragraph #29 of the Second Amended Complaint, co-defendant SYNERGY denies the averments as drafted; only admits having knowledge of the existence of a company doing business under the name of MIGO IQ that operated in Puerto Rico.

30.     As to paragraph #30 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and the averments are not directed at nor related to SYNERGY.

31.     As to paragraph #31 of the Second Amended Complaint, co-defendant SYNERGY denies the averments as drafted; only admits the existence of a limited liability company by the name of SYNERGY, LLC organized pursuant to the laws of Puerto Rico, with its principal place of business in Puerto Rico.

32.     As to paragraph #32 of the Second Amended Complaint, co-defendant SYNERGY denies the averments as drafted; only admits having knowledge of the existence of a company by the name of RADAR_APPS, INC. d/b/a MIGO IQ, Inc. operating in Puerto Rico.

33.     As to paragraph #33 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and the averments are not directed at nor related to SYNERGY.

34.     As to paragraph #34 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and the averments are not directed at nor related to SYNERGY.

35.     The averments included in paragraph #35 of the Second Amended Complaint constitute statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative as to paragraph #35 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information

to form a belief as to the veracity of the same, and because the averments are not directed at nor related to SYNERGY. Nevertheless, co-defendant  SYNERGY denies any relationship with co-defendant Guthrie that could be construed and/or understood as granting him decision making power  and/or control over SYNERGY, its affairs, employees, businesses and/or other related endeavors.

36.     As to paragraph #36 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because the averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically avers co-defendants Jonathon Kotthoff, Carol Leese and/or Jason Neilitz have never been owners of SYNERGY, LLC. Co-defendant Synergy acknowledges Ivelisse Estrada is an owner of stock within Synergy and/or Eco IQ.

37.     The averments included in paragraph #37 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #37 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same; but specifically denies any of the named co-defendants (Kotthoff, Leese and/or Neilitz) being involved in the day to day business operations of SYNERGY, also specifically averring none of them ever had SYNERGY's authorization to act and/or make decisions on its behalf. Co-defendant SYNERGY acknowledges Ivelisse Estrada is an owner of stock within Synergy and/or Eco IQ, but denies any employer capability, responsibility and/or exercise of control over plaintiffs' (employees') compensation and/or affairs as alleged in this paragraph in the Second Amended Complaint.

38.     As to paragraph #38 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because the averments are not directed at nor related to SYNERGY.

39.     The averments included in paragraph #39 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #39 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY.

40.     The averments included in paragraph #40 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #40 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically denies having "…expressly [or implicitly] directed, consented to, approved, affirmed, and ratified" actions undertaken by other co-

defendants, as employers or otherwise, in the facts and circumstances alleged in the Second Amended Complaint of the captioned case.

41.     The averments included in paragraph #41 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #41 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs. Moreover, SYNERGY denies having subjected any of the Plaintiffs to "…unlawful practices, wrongs, complaints, injuries and/or damages" as alleged in the Second Amended Complaint of the captioned case.

42.     The averments included in paragraph #42 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #42 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically denies being a "co-employer of Plaintiffs and the [alleged] putative class herein". Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs.

16

43.     The averments included in paragraph #43 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #43 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant Synergy specifically denies having any participation in the alleged causing of injuries and/or damages that may be subject of the claims included in the Second Amended Complaint of the captioned case, particularly denying having "…concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions… proximately causing the [alleged] injuries and/or damages alleged in this Complaint.".

## JURISDICTION AND VENUE

44.     The averments included in paragraph #44 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #44 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. It is affirmatively averred that co-defendant SYNERGY was never an employer of Plaintiffs, thus subject matter jurisdiction as to SYNERGY is lacking in this case.

45.     The averments included in paragraph #45 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #45 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Nevertheless and without waving and/or qualifying the foregoing, co-defendant SYNERGY admits it conducts business in Puerto Rico but was never an employer of Plaintiffs, thus *in personam* and subject matter jurisdiction, together with venue, as to SYNERGY are lacking in this case.

46.     The averments included in paragraph #46 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #46 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Nevertheless and without waving and/or qualifying the foregoing, co-defendant SYNERGY admits it conducts business in Puerto Rico but was never an employer of Plaintiffs, thus *in personam* and subject matter jurisdiction, together with venue, as to SYNERGY are lacking in this case. Moreover, co-defendant SYNERGY specifically denies having committed violations, statutory or otherwise, as related to the facts and circumstances alleged in the captioned case.

## COVERAGE ALLEGATIONS

47.     The averments included in paragraph #47 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #47 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs, and, was never their employer.

48.     The averments included in paragraph #48 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #48 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY has never been nor participated in as an "enterprise" for purpose of a FLSA, 29 USC §203(r) claim, particularly as to those claims asserted in the Second Amended Complaint of the captioned case.

49.     The averments included in paragraph #49 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #49 of the Second Amended Complaint,

co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs, and, was never their employer.

50.     The averments included in paragraph #50 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #50 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs, and, was never their employer.

51.     The averments included in paragraph #51 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #51 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY.

52.     The averments included in paragraph #52 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #52 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs, and, was never their employer.

53.     The averments included in paragraph #53 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #53 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. As to averments contained therein that refer to co-defendants other than SYNERGY, they are hereby denied for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and because such averments are not directed at nor related to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs, and, was never their employer.

## GENERAL ALLEGATIONS

**The FEMA Project**

54.     The averments included in paragraph #54 of the Second Amended Complaint are hereby denied as drafted. It is only admitted that on the referred date Puerto Rico experienced hurricane María.

55.     As to paragraph #55 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein as drafted and/or for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY acknowledges having secured contracts with several municipalities in Puerto Rico to assist in clean-up efforts after Hurricane Maria, with a particular agreement join efforts with co-defendant Radar_APPs d/b/a Migo IQ.

56.     As to paragraph #56 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY denies any and all averments included therein referring to SYNERGY as a startup technology firm and or as having no prior experience with debris removal. In the alternative, all remaining averments as to SYNERGY are hereby denied.

57.     As to paragraph #57 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

58.     As to paragraph #58 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

59.     As to paragraph #59 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

60.     As to paragraph #60 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies the averments contained therein as they are not directed at SYNERGY.

**The Initial Independent Contractor Agreements**

61.     As to paragraph #61 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies the averments contained therein as they are not directed at SYNERGY.

62.     As to paragraph #62 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies the averments contained therein as they are not directed at SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

63.     As to paragraph #63 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies the

averments contained therein as they are not directed at SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

64.     As to paragraph #64 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Moreover, any claim as to what's stated in the particular document must be subject to the specific language contained therein.

65.     As to paragraph #65 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants". Moreover, any claim as to what's stated in the particular document must be subject to the specific language contained therein. Co-defendant SYNERGY never assigned "job duties" to plaintiffs or otherwise.

66.     As to paragraph #66 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies the averments contained therein as they are not directed at SYNERGY. Moreover, any claim as to what's stated in the particular document must be subject to the specific language contained therein.

**The Equipment Rental Agreement**

67.     As to paragraph #67 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

68.     As to paragraph #68 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

69.     As to paragraph #69 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

70.     As to paragraph #70 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

71.     As to paragraph #71 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

72.     As to paragraph #72 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

73.     As to paragraph #73 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

74.     As to paragraph #74 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

**November and December 2017 – unpaid work in LA and FL**

75.     As to paragraph #75 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY.

**January 2018 – Independent Contractors converted to Employees**

76.     As to paragraph #76 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading, nor being responsible for any hiring package, documents, forms and/or related endeavors pertaining to Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

77.     As to paragraph #77 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading, Mojo Transport, Cloud IQ nor with Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

78.     As to paragraph #78 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all

averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with Plaintiffs, nor having prepared, tendered, retained and/or filed any such hiring forms and documents.

79.     As to paragraph #79 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with Plaintiffs.

**January 2018 – hold on Project, waiting without pay**

80.     As to paragraph #80 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading nor with Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

81.     As to paragraph #81 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants". Co-defendant SYNERGY acknowledges having learned, after the fact, that logos were affixed to certain vehicles and equipment without its knowledge and/or authorization.

82.     As to paragraph #82 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading nor with Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

83.     As to paragraph #83 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading nor with Plaintiffs. Co-defendant SYNERGY specifically denies having knowledge and/or being part of any alleged "dispute and problems" among Defendants, as averred in this paragraph.

**February 2018 to April 2018 – work on the Project but paid for only two weeks**

84.     As to paragraph #84 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY did not engage Plaintiffs nor supervised or controlled their work duties, performance or scope of work, with no participation in the negotiation, determination and/or establishment of the terms and conditions of Plaintiffs' employment.

85.     As to paragraph #85 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, no responsive pleading from co-defendant

SYNERGY is required as to this paragraph inasmuch its corresponding claim (Counts II and IV – Compensation for Overtime Work) was dismissed (see Docket No. 160 and No. 199).

86.     As to paragraph #86 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, no responsive pleading from co-defendant SYNERGY is required as to this paragraph inasmuch its corresponding claim (Counts II and IV – Compensation for Overtime Work, including missed meal periods) was dismissed (see Docket No. 160 and No. 199).

87.     As to paragraph #87 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading nor with Plaintiffs, nor being responsible for any paycheck due to Plaintiffs, if any.

88.     As to paragraph #88 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading nor with Plaintiffs, nor being responsible for any paycheck due to Plaintiffs, if any.

89.     As to paragraph #89 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all

averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendants J&W Grading, Guthrie nor with Plaintiffs, nor being responsible for any wages due to Plaintiffs, if any.

90.     As to paragraph #90 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading, Guthrie nor with Plaintiffs, nor being responsible for any payments due to Plaintiffs, if any.

**J&W Grading withdraws from, or is terminated from the Project**

91.     As to paragraph #91 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

92.     As to paragraph #92 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

**Technology Firm Defendants refuse to pay back wages and retaliate against Plaintiffs**

93.     As to paragraph #93 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with co-defendant J&W Grading. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants". Nevertheless, co-defendant SYNERGY specifically avers owing nothing to Plaintiffs.

94.     As to paragraph #94 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically avers having had no relationship with Plaintiffs and not being aware of  any threats or terminations involving Plaintiffs until the filing of the captioned case; to the best of SYNERGY's knowledge and belief, there are no FEMA contracts but for specific contracts with certain Municipalities in Puerto Rico. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants". Nevertheless, co-defendant SYNERGY specifically avers owing nothing to Plaintiffs.

95.     As to paragraph #95 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

96.     As to paragraph #96 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

**Lease payments not paid and leased equipment not returned**

97.     As to paragraph #97 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

98.     As to paragraph #97 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

99.     As to paragraph #97 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

100.    As to paragraph #97 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

A.     **FLSA Collective Action**

101.    Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #101 of the Second Amended Complaint constitute and/or

contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to Paragraph #101 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Moreover, claims asserted against co-defendant Synergy, pursuant to 29 USC §216(b), as pertaining to overtime payments, were dismissed in this case.

102.     The averments included in paragraph #102 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #102 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Moreover, claims asserted against co-defendant Synergy, pursuant to 29 USC §216(b), as pertaining to overtime payments, were dismissed in this case.

103.     The averments included in paragraph #103 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #103 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Moreover, co-defendant SYNERGY specifically denies ever being an employer to Plaintiffs. Moreover, claims asserted against co-defendant Synergy, pursuant to 29 USC §216(b), as pertaining to overtime payments, were dismissed in this case.

104.     The averments included in paragraph #104 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #104 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Moreover, claims asserted against co-defendant Synergy, pursuant to "…failing to

pay employees for all overtime hours worked, failing to properly calculate and pay overtime compensation that was recorded, and failing to provide meal and rest breaks…" under FLSA and/or Puerto Rico applicable law, were dismissed in this case.

**B.     Collective Action Allegations**

105.    The averments included in paragraph #105 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #105 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments were dismissed in this case.

106.    The averments included in paragraph #106 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #106 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY specifically denies having knowledge of and/or the existence of a "Putative Class Members" group. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments were dismissed in this case.

107.    The averments included in paragraph #107 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #107 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY specifically denies having knowledge of and/or the

existence of a "Putative Class Members" group. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments were dismissed in this case.

108.    The averments included in paragraph #108 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #108 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY specifically denies having knowledge of and/or the existence of a "Putative Class Members" group. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments were dismissed in this case.

**C.    Puerto Rico Opt-Out Class Action**

109.    The averments included in paragraph #109 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #109 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments, pursuant to Puerto Rico Law, were also dismissed in this case.

110.    As to paragraph #110 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, as to paragraph # 110 of the Second Amended Complaint, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments, pursuant to Puerto Rico Law, were also dismissed in this case.

111.   The averments included in paragraph #111 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #111 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments, pursuant to Puerto Rico Law, were also dismissed in this case.

**D.     Class Allegations**

112.   The averments included in paragraph #112 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #112 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically denies a class numerosity issue in this case, inasmuch as Plaintiffs themselves have limited its membership to no more than 100 members.

113.   The averments included in paragraph #113 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #113 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Moreover, claims asserted against co-defendant Synergy pertaining to overtime payments, pursuant to FSLA and/or Puerto Rico Law, were also dismissed in this case.

114.   The averments included in paragraph #114 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or

response at this time. In the alternative, as to paragraph #114 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

115.   The averments included in paragraph #115 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #115 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

116.   The averments included in paragraph #116 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #116 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

117.   The averments included in paragraph #117 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #117 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

118.   The averments included in paragraph #118 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #118 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

119.    The averments included in paragraph #119 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #119 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically denies having knowledge of and/or the existence of a "Class" or its "members" to seek redress for wrongs, as applicable to the captioned case. Moreover, Co-defendant SYNERGY specifically denies a "collective/class action suit" to be superior to other available means to adjudicate this lawsuit.

## JOINT EMPLOYER ALLEGATIONS

**Corporate filings evidence interconnectedness of joint employer**

120.    The averments included in paragraph #120 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, codefendant SYNERGY denies any interconnectedness with other codefendants in this case, by business interests or otherwise.

121.    The averments included in paragraph #121 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, codefendant SYNERGY denies any inextricable interrelation with other codefendants in this case, by government filings or otherwise. Codefendant SYNERGY specifically denies having had and/or shared direct or indirect control over the employment of Plaintiffs.

122.    The averments included in paragraph #122 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or

response at this time. In the alternative, codefendant SYNERGY denies having acted as a single or joint employer with control over the employment relationship of Plaintiffs, if any.

123.    Co-defendant SYNERGY denies the averments contained in paragraph #123 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, any allegation and/or reference to a particular news report must rely upon the specific statement contained therein, without co-defendant accepting, agreeing and/or acknowledging the accuracy and/or veracity of the information reflected in the same. Co-defendant SYNERGY only admits it was awarded a FEMA sponsored contract with the Municipality of Ponce to collect Hurricane María related debris.

124.    Co-defendant SYNERGY denies the averments contained in paragraph #124 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, any allegation and/or reference to a particular news report must rely upon the specific statement contained therein, without co-defendant accepting, agreeing and/or acknowledging the accuracy and/or veracity of the information reflected in the same. Co-defendant SYNERGY only admits it was awarded a FEMA sponsored contract with the Municipality of Ponce to collect Hurricane María related debris.

125.    Co-defendant SYNERGY denies the averments contained in paragraph #125 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, any allegation and/or reference to a particular news report must rely upon the specific statement contained therein, without co-defendant accepting, agreeing and/or acknowledging the accuracy and/or veracity of the information reflected in the same. Co-defendant SYNERGY only admits it was awarded a FEMA sponsored contract with the Municipality of Ponce to collect Hurricane María related debris.

126.    Co-defendant SYNERGY denies the averments contained in paragraph #126 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, any allegation and/or reference to a particular news report must rely upon the specific statement contained therein, without co-defendant accepting, agreeing and/or acknowledging the accuracy and/or veracity of the information reflected in the same. Co-defendant SYNERGY only admits it was awarded a FEMA sponsored contract with the Municipality of Ponce to collect Hurricane María related debris, in which co-defendant Migo IQ was to participate with its related technology and subcontractors.

127.    Co-defendant SYNERGY denies the averments contained in paragraph #123 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Moreover, any allegation and/or reference to a particular news report must rely upon the specific statement contained therein, without co-defendant accepting, agreeing and/or acknowledging the accuracy and/or veracity of the information reflected in the same. Co-defendant SYNERGY only admits it was awarded a FEMA sponsored contract with the Municipality of Ponce to collect Hurricane María related debris.

**Economic realities over the rate of pay confirms joint employer status**

128.    Co-defendant SYNERGY denies the averments contained in paragraph #128 for lack of sufficient knowledge or information to form a belief as to the veracity of the same.

129.    Co-defendant SYNERGY denies the averments contained in paragraph #129 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY only admits it was awarded a FEMA sponsored contract by the Municipality of Ponce and other municipalities in Puerto Rico, to collect Hurricane María related debris;

SYNERGY had no contractual relationship with FEMA, Corp of Engineers or other government agencies aside from the municipalities.

130.    Co-defendant SYNERGY denies the averments contained in paragraph #130.

131.    Co-defendant SYNERGY denies the averments contained in paragraph #131 for lack of sufficient knowledge or information to form a belief as to the veracity of the same.

132.    Co-defendant SYNERGY denies the averments contained in paragraph #128 for lack of sufficient knowledge or information to form a belief as to the veracity of the same.

133.    Co-defendant SYNERGY denies the averments contained in paragraph #133 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY was made aware by Migo IQ of the use of certain technology for the Ponce project that could have involved employee's electronic interaction. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

134.    Co-defendant SYNERGY denies the averments contained in paragraph #134. Moreover, the averments in paragraph #134 call for speculation which is hereby rejected and denied outright. Also, claims involving alleged non-payment of "earned overtime" were dismissed in this case (see Docket No. 160 and No. 199).

135.     Co-defendant SYNERGY denies the averments contained in paragraph #135. Moreover, the averments in paragraph #135 call for speculation which is hereby rejected and denied outright.

**Defendants' direction and control confirms joint employer status**

136.    Co-defendant SYNERGY denies the averments contained in paragraph #136 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY acknowledges the participation of Migo IQ in the Ponce project. Co-

defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

137.   Co-defendant SYNERGY denies the averments contained in paragraph #137 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY acknowledges the participation of Migo IQ in the Ponce project. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

138.   Co-defendant SYNERGY denies the averments contained in paragraph #138 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY acknowledges the participation of Migo IQ in the Ponce project. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

139.   Co-defendant SYNERGY denies the averments contained in paragraph #139. Co-defendant SYNERGY only admits it was awarded a FEMA sponsored contract by the Municipality of Ponce and other municipalities in Puerto Rico, to collect Hurricane María related debris; SYNERGY had no contractual relationship with FEMA.

**Defendant's power to hire and fire confirms joint employer status**

140.   Co-defendant SYNERGY denies the averments contained in paragraph #140 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY acknowledges the participation of Migo IQ in the Ponce project. In the alternative, Co-defendant SYNERGY denies the averments contained in paragraph #140.

141.   Co-defendant SYNERGY denies the averments contained in paragraph #141 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-

defendant SYNERGY acknowledges the participation of Migo IQ in the Ponce project. In the alternative, Co-defendant SYNERGY denies the averments contained in paragraph #141.

142.    Co-defendant SYNERGY denies the averments contained in paragraph #142 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY acknowledges the participation of Migo IQ in the Ponce project. In the alternative, Co-defendant SYNERGY denies the averments contained in paragraph #140. As noted before, Co-defendant SYNERGY specifically denies having had and/or shared direct or indirect control over the employment of Plaintiffs.

143.    Co-defendant SYNERGY denies the averments contained in paragraph #143 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, Co-defendant SYNERGY denies the averments contained in paragraph #143. Even though Co-defendant SYNERGY acknowledges having learned, after the fact, that logos were affixed to certain vehicles and equipment without its knowledge and/or authorization, Co-defendant SYNERGY specifically denies having had and/or shared direct or indirect control over the vehicles and equipment referred to in this averment.

144.    Co-defendant SYNERGY denies the averments contained in paragraph #144 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. As noted before, Co-defendant SYNERGY specifically denies having had and/or shared direct or indirect control over the employment of Plaintiffs.

**Defendants' advertising campaign confirms joint employer status**

145.    Co-defendant SYNERGY denies the averments contained in paragraph #145 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, Co-defendant SYNERGY denies the averments contained in paragraph #145. Even

though Co-defendant SYNERGY acknowledges having learned, after the fact, that logos were affixed to certain vehicles and equipment without its knowledge and/or authorization, Co-defendant SYNERGY specifically denies having had and/or shared direct or indirect control over the vehicles and equipment referred to in this averment.

146.    Co-defendant SYNERGY denies the averments contained in paragraph #146 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, Co-defendant SYNERGY denies the averments contained in paragraph #146. Even though Co-defendant SYNERGY acknowledges having learned, after the fact, that logos were affixed to certain vehicles and equipment without its knowledge and/or authorization, Co-defendant SYNERGY specifically denies having had and/or shared direct or indirect control over the vehicles and equipment referred to in this averment.

## INTERSTATE COMMERCE ALLEGATIONS

147.    Co-defendant SYNERGY denies the averments contained in paragraph #147 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

148.    The averments included in paragraph #148 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #148 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

149.    The averments included in paragraph #149 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or

44

response at this time. In the alternative, as to paragraph #149 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

150.    The averments included in paragraph #150 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #150 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

## COUNT I
### Violation of FLSA, Minimum Wages Collective Action

151.    Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #151 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #151 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY.

152.    The averments included in paragraph #152 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #152 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Nevertheless, co-defendant SYNERGY specifically denies having violated, any possible way, FLSA as it may refer to the Plaintiffs in the captioned case.

45

153.    Co-defendant SYNERGY denies the averments contained in paragraph #153 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, as to paragraph #153 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

154.    Co-defendant SYNERGY denies the averments contained in paragraph #154 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, as to paragraph #154 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

155.    Co-defendant SYNERGY denies the averments contained in paragraph #155 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, as to paragraph #155 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY..

156.    The averments included in paragraph #156 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #156 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Nevertheless, co-defendant SYNERGY specifically denies having violated, any possible way, FLSA as it may refer to the Plaintiffs in the captioned case.

157.    The averments included in paragraph #157 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #157 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Nevertheless, co-defendant SYNERGY specifically denies having violated, any possible way, FLSA as it may refer to the Plaintiffs in the captioned case.

**COUNT II**
**Violation of FLSA, Overtime Collective Action**

158.    As to paragraph #158 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count II) was dismissed (see Docket No. 160 and No. 199).

159.    As to paragraph #159 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count II) was dismissed (see Docket No. 160 and No. 199).

160.    As to paragraph #160 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count II) was dismissed (see Docket No. 160 and No. 199).

161.    As to paragraph #161 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count II) was dismissed (see Docket No. 160 and No. 199).

162.    As to paragraph #162 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count II) was dismissed (see Docket No. 160 and No. 199).

163.    As to paragraph #163 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count II) was dismissed (see Docket No. 160 and No. 199).

164.    As to paragraph #164 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count II) was dismissed (see Docket No. 160 and No. 199).

## COUNT III
### Violation of FLSA, Retaliation Collective Action
Against All Technology Firm Defendants

165.    Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #165 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #165 of the Second Amended Complaint, Co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

166.    The averments included in paragraph #166 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #166 of the Second Amended Complaint, Co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Nevertheless, Co-defendant SYNERGY specifically denies having violated, any possible way,

FLSA as it may refer to the Plaintiffs in the captioned case. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

167.    As to paragraph #167 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

168.    As to paragraph #168 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

169.    The averments included in paragraph #169 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #169 of the Second Amended Complaint, Co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any

kind, with the Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

170.   The averments included in paragraph #170 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #170 of the Second Amended Complaint, Co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

171.   The averments included in paragraph #171 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #171 of the Second Amended Complaint, Co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Nevertheless, Co-defendant SYNERGY specifically denies having violated, any possible way, FLSA as it may refer to the Plaintiffs in the captioned case. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

172.   The averments included in paragraph #172 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #172 of the Second Amended Complaint, Co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

Nevertheless, Co-defendant SYNERGY specifically denies having engaged in any unlawful conduct that could have affected Plaintiffs. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants"

**COUNT IV**
**Violation of Puerto Rico Statute –**
**Time and Manner of Payment Violations**
Against J&W Grading, Inc., Migo IQ, Inc., Radar_Apps, Inc.,
ECO IQ LLC, Cloud IQ, LLC, Synergy LLC, Mojo Transport, LLC

173.    As to paragraph #173 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

174.    As to paragraph #174 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

175.    As to paragraph #175 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

176.    As to paragraph #176 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

177.    As to paragraph #177 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

178.     As to paragraph #178 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

179.     As to paragraph #179 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

180.     As to paragraph #180 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).

181.     As to paragraph #181 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IV) was dismissed (see Docket No. 160 and No. 199).


**COUNT V**
**Violation of Puerto Rico Statute – Minimum Wage Violations**
Against J&W Grading, Inc., Migo IQ, Inc., Radar_Apps, Inc.,
ECO IQ LLC, Cloud IQ, LLC, Synergy LLC, Mojo Transport, LLC

182.     Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #182 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #182 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, accordingly.

183.    The averments included in paragraph #183 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #183 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs nor owing them any minimum wages.

184.    Co-defendant SYNERGY denies the averments contained in paragraph #184 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, as to paragraph #184 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs nor owing them any minimum wages.

185.    Co-defendant SYNERGY denies the averments contained in paragraph #185 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, as to paragraph #185 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs nor owing them any minimum wages.

186.    Co-defendant SYNERGY denies the averments contained in paragraph #184 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the

alternative, as to paragraph #184 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs nor owing them any minimum wages.

187.    The averments included in paragraph #183 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #183 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein.

## COUNT VI
### Violation of the Puerto Rico Constitution and Statute-
### Unpaid Overtime
Against J&W Grading, Inc., Migo IQ, Inc., Radar_Apps, Inc., ECO IQ LLC, Cloud IQ, LLC, Synergy LLC, Mojo Transport, LLC

188.    As to paragraph #188 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count VI) was dismissed (see Docket No. 160 and No. 199).

189.    As to paragraph #189 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count VI) was dismissed (see Docket No. 160 and No. 199).

190.    As to paragraph #190 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count VI) was dismissed (see Docket No. 160 and No. 199).

191.    As to paragraph #191 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count VI) was dismissed (see Docket No. 160 and No. 199).

192.    As to paragraph #192 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count VI) was dismissed (see Docket No. 160 and No. 199).

193.    As to paragraph #193 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count VI) was dismissed (see Docket No. 160 and No. 199).

194.    As to paragraph #194 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count VI) was dismissed (see Docket No. 160 and No. 199).

## COUNT VII
### Violation of the Puerto Rico Constitution and Statute-Retaliation
Against J&W Grading, Inc., Migo IQ, Inc., Radar_Apps, Inc.,
ECO IQ LLC, Cloud IQ, LLC, Synergy LLC, Mojo Transport, LLC

195.    Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #195 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #195 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, accordingly.

196.    The averments included in paragraph #196 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #196 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Nevertheless, co-defendant SYNERGY specifically denies having engaged in any type of "retaliation" conduct that could be considered as a violation to 29 LPRA §194a.

197.    The averments included in paragraph #197 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #197 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

198.    Co-defendant SYNERGY denies the averments contained in paragraph #198 for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, as to paragraph #198 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs nor having any knowledge of Plaintiffs' request, if any, to see a FEMA contract or threat(s) to go to proper government authorities as averred in this paragraph.

199.    The averments included in paragraph #199 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #199 of the Second Amended Complaint,

co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

## COUNT VIII
### Breach of Per Diem Agreement
Against All Defendants

200.    Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #200 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #200 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY accordingly.

201.    As to paragraph #201 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship or agreement, of any kind, with the Plaintiffs nor having agreed with Plaintiffs and/or other parties to this case to provide any per diem housing and food allowance.

202.    As to paragraph #202 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having

had no relationship or agreement, of any kind, with the Plaintiffs nor having agreed with Plaintiffs and/or other parties to this case to provide any per diem housing and food allowance.

203.    As to paragraph #203 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship or agreement, of any kind, with the Plaintiffs nor having agreed with Plaintiffs and/or other parties to this case to provide any per diem housing and food allowance.

204.    The averments included in paragraph #204 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #204 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship or agreement, of any kind, with the Plaintiffs and/or other parties to this case, that could have been breached and, consequently, cause damages to Plaintiffs. Any and all Plaintiffs' claims for damages are hereby denied.

## COUNT IX
### Breach of Equipment Rental Agreement
Against J&W Grading and Technology Defendants

205.    As to paragraph #205 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

206.     As to paragraph #206 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

207.     As to paragraph #207 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

208.     As to paragraph #208 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

209.     As to paragraph #209 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

210.     As to paragraph #210 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

211.     As to paragraph #211 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

212.     As to paragraph #212 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

213.    As to paragraph #213 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

214.    As to paragraph #214 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count IX) was dismissed (see Docket No. 160 and No. 199).

**COUNT X**
**Unjust Enrichment**
Against All Defendants

215.    Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #215 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #215 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY accordingly.

216.    As to paragraph #216 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

217.    As to paragraph #217 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all

averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY.

218.    The averments included in paragraph #218 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #218 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY denies having retained any of Plaintiffs' personal property.

219.    The averments included in paragraph #219 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #219 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY denies having retained any of Plaintiffs' personal property.

## COUNT XI
## Article 1802 Fraudulent Inducement
### Against All Defendants

220.    Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #220 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #220 of the Second Amended Complaint, co-defendant

SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY accordingly.

221.    As to paragraph #221 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs in their recruitment or otherwise. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

222.    As to paragraph #222 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs.

223.    As to paragraph #223 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein that may refer to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs. Co-defendant SYNERGY acknowledges having secured FEMA sponsored contracts with several municipalities in Puerto Rico to assist in clean-up efforts after Hurricane Maria, with a particular agreement  for join efforts with co-defendant Radar_APPs d/b/a Migo IQ.

224.     As to paragraph #224 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein that may refer to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs.

225.     As to paragraph #225 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein that may refer to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs.

226.     As to paragraph #226 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein that may refer to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs. Moreover, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim, as to leasing of equipment (Count IX), was dismissed (see Docket No. 160 and No. 199).

227.     As to paragraph #227 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all

averments included therein that may refer to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs. Moreover, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim, as to leasing of equipment (Count IX), was dismissed (see Docket No. 160 and No. 199).

228.     As to paragraph #228 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs. Moreover, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim, as to leasing of equipment (Count IX), was dismissed (see Docket No. 160 and No. 199).

229.     As to paragraph #229 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein that may refer to SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs, nor making any representations to Plaintiffs.

230.     As to paragraph #230 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein that may refer to SYNERGY. Co-defendant SYNERGY specifically

and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs, nor making any representations to Plaintiffs.

231. The averments included in paragraph #231 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #231 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY denies having incurred in any conduct that could somehow cause damages to Plaintiffs as alleged in this paragraph.

232. The averments included in paragraph #232 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #232 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY denies having incurred in any conduct that could somehow cause damages to Plaintiffs as alleged in this paragraph.

**COUNT XII**
**Article 1802 -Conversion**
**Against All Defendants**

233. Co-defendant SYNERGY incorporates the above answers to the preceding paragraphs of this Answer to the Second Amended Complaint, as if fully submitted herein. The averments included in paragraph #233 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #233 of the Second Amended Complaint, co-defendant

SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY accordingly.

234.    As to the averments included in paragraph #234 of the Second Amended Complaint co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and since the same also constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #234 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY denies having retained any of Plaintiffs' personal property. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

235.    As to the  averments included in paragraph #235 of the Second Amended Complaint co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and since the same also constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #235 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY denies having retained any of Plaintiffs' personal property. Co-defendant SYNERGY specifically denies being part of or a member of the "Technology Firm Defendants".

236.    The averments included in paragraph #236 of the Second Amended Complaint co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same, and since the same also constitute and/or

contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, as to paragraph #170 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein that may be, in any way, referring to SYNERGY. Co-defendant SYNERGY denies having incurred in any conduct that could somehow be understood as maliciously and/or wrongfully depriving Plaintiffs of ownership rights to property.

237.    As to paragraph #237 of the Second Amended Complaint, co-defendant SYNERGY denies the averments contained therein for lack of sufficient knowledge or information to form a belief as to the veracity of the same. In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship, of any kind, with the Plaintiffs, nor depriving Plaintiffs of any use and enjoyment of property.

238.    The averments included in paragraph #238 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time  In the alternative, co-defendant SYNERGY denies all averments included therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs, nor causing any damages to Plaintiffs.

239.    The averments included in paragraph #239 of the Second Amended Complaint constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time.  In the alternative, co-defendant SYNERGY denies all averments included

therein referring to SYNERGY, even though it understands none refer to or are directed at SYNERGY. Co-defendant SYNERGY specifically and affirmatively avers having had no relationship and/or agreement, of any kind, with the Plaintiffs, nor caused any damages to Plaintiffs.

**COUNT XIII**
**Article 1802 Negligent Bailment**
**Against Defendant J&W Grading**

240.     As to paragraph #240 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count XIII) was dismissed (see Docket No. 160 and No. 199).

241.     As to paragraph #241 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count XIII) was dismissed (see Docket No. 160 and No. 199).

242.     As to paragraph #242 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count XIII) was dismissed (see Docket No. 160 and No. 199).

243.     As to paragraph #243 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count XIII) was dismissed (see Docket No. 160 and No. 199).

244.     As to paragraph #244 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count XIII) was dismissed (see Docket No. 160 and No. 199).

245.    As to paragraph #245 of the Second Amended Complaint, no responsive pleading from co-defendant SYNERGY is required inasmuch as this claim (Count XIII) was dismissed (see Docket No. 160 and No. 199).

## PRAYER FOR RELIEF

Co-defendant SYNEGY specifically denies Plaintiffs Prayer for Relief, inasmuch the same constitute and/or contain statements and/or conclusions of law not requiring an answer and/or response at this time. In the alternative, co-defendant SYNERGY denies all averments referred to hereinbefore, as they may be referring to SYNERGY and were denied accordingly. Co-defendant SYNERGY has affirmatively averred having had no relationship and/or agreement, of any kind, with the Plaintiffs, nor any responsibility for the actions taken by other co-defendants, if any. Prior answers are hereby adopted by reference, as they may relate to prayer for relief in this section. In the alternative, all relief sought herein by Plaintiffs is hereby denied, rejected and disallowed as inapplicable and contrary to SYNERGY's limited participation in the facts and circumstances of this case, including applicable law.

## AFIRMATIVE DEFENSES

1.    The Second Amended Complaint fails to state a claim upon which relief can be granted in favor of the Plaintiffs and against co-defendant SYNERGY under any federal or state law.

2.    The damages alleged by Plaintiffs are exaggerated and/or speculative.

3.    Co-defendant Synergy had no power to hire and/or fire Plaintiffs under any type of employment relationship alleged in the Second Amended Complaint, if any.

69

4.      Plaintiffs fail to allege, other than with conclusory statements, the power, if any, of co-defendant SYNERGY to hire and/or fire Plaintiffs under any type of employment relationship alleged in the Second Amended Complaint, if any.

5.      Co-defendant Synergy had no supervision and/or control of Plaintiffs' work schedule or conditions of employment, if any.

6.      Plaintiffs fail to allege, other than with conclusory statements, co-defendant SYNERGY' supervision and/or control of Plaintiffs' work schedule or conditions of employment, if any.

7.      Co-defendant Synergy had no power to determine the rates and methods of payments due to Plaintiffs, if any.

8.      Plaintiffs fail to allege, other than with conclusory statements, the power, if any, of co-defendant SYNERGY to determine the rates and methods of payments due to Plaintiffs, if any.

9.      Co-defendant Synergy had no participation in the maintenance of Plaintiff's employment records, if any.

10.     Plaintiffs fail to allege, other than with conclusory statements, the participation, if any, of co-defendant SYNERGY in the maintenance of Plaintiffs employment records, if any.

11.     Plaintiffs fail to allege and/or meet the criteria set by the United States Circuit Court of Appeals for the 1st Circuit to determine who is an employer under FLSA's definition of employer.

12.     Plaintiffs never had privity of contract with co-defendant SYNERGY.

13.     Plaintiffs fail to allege in the Second Amended Complaint, with the required particularity, the facts that would allow the Court to draw the reasonable inferences to establish that the members of the putative class they seek to represent are similarly situated with them, to

grant them a conditional certification under section 216(b) of the Fair Labor Standards Act and to allow for the notification to potential plaintiffs to opt-in, and to allow the instant matter to proceed initially as a collective action.

14.     Plaintiffs fail to define in the Second Amended Complaint the specific job titles they seek to include in the putative class.

15.     By Plaintiffs own allegations and/or admissions, it appears that while in the employment of co-defendant J.W. Grading, Inc. they were paid a "flat daily rate to cover 10 hours of work", which amount would appear to be in excess of the minimum statutory salary due under the section 206 of the Fair Labor Standards Act, thus there is no viable claim under section 206 of FLSA in the captioned case.

16.     By Plaintiffs own allegations and/or admissions, it appears that while in the employment of J.W. Grading, they were paid a "flat daily rate to cover 10 hours of work", which amount would appear to compensate for any excess of overtime in excess of 40 hours a week due under section 207 of the Fair Labor Standards Act, thus there is no viable claim under section 207 of FLSA in the captioned case.

17.     Potentially, the work allegedly performed by some and/or all of the Plaintiffs is work that is exempt from the payment of overtime under section 213(b) of the Fair Labors Standards Act, subject to further definition of Plaintiffs' job titles and/or descriptions.

18.     Co-defendant SYNERGY has no responsibility for keeping records required under the Fair Labor Standards Act, this being the responsibility of Plaintiffs' employer, if any, or of J&W Grading as per the allegations of the Second Amended Complaint.

19.     Under FLSA and applicable regulations, Plaintiffs are not entitled to any compensation for any period for which they were in waiting time or waiting to be engaged.

20.     Under FLSA and applicable regulations, Plaintiffs are not entitled to any compensation for the period of time they were engaged in their preparatory and concluding activities.

21.     Co-defendant SYNERGY had no duty and/or participation in the payment or lack of payment of wages to Plaintiffs, nor was their employer, thus it cannot be held to have acted in a willful or intentional manner as alleged in the Second Amended Complaint of the captioned case.

22.     Plaintiffs have failed to mitigate their damages.

23.     Co-defendant SYNERGY never retaliated against any of the Plaintiffs.

24.     Co-defendant SYNERGY never acted willfully, maliciously or recklessly against Plaintiffs.

25.     Co-defendant SYNERGY has not acted or failed to act in a way that could be considered the proximate cause of Plaintiffs' alleged damages.

26.     Plaintiffs have failed to allege in the Second Amended Complaint, with the particularity required, the facts that would allow the Court to draw the reasonable inferences that co-defendant SYNERGY is liable for a violation of sections 206 and 207 of the Fair Labor Standards Act.

27.     Latches and/or estoppel may be applicable in this case.

28.     Co-defendant SYNERGY denies any liability under or within the meaning of the FLSA, as regards to overtime compensation. However, to the extent that the Court may determine that Defendants' acts or omissions cast, either or both, in liability under such statute, Plaintiffs' claims are, nonetheless, barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260,

because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

29.    At all relevant times, co-defendant SYNERGY has understood, in good faith, it was not an employer of Plaintiffs.

30.    To the extent any claim arises outside the statute of limitations, if any, it is barred by the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. § 255, as well as by local 29 L.P.R.A. 250(j).

31.     Co-defendant SYNERGY asserts that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, if any, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

32.    Co-defendant SYNERGY asserts that any claim for overtime compensation by Plaintiffs must be offset by any premium compensation, overpayments, bonuses, advances, commissions, or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiffs for periods not compensable under the FLSA. Nevertheless, the Court has already dismissed all Plaintiffs' claims pertaining to overtime compensation, under FLSA and/or Puerto Rico Law.

33.    The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiffs for, periods of time during which Plaintiffs performed no work, including vacation and/or sick/medical leave, or for periods of time during which Plaintiffs were otherwise absent from the workplace during that week, including during holidays and other functions voluntarily attended. Nevertheless, the Court has already dismissed all Plaintiffs' claims pertaining to overtime compensation, under FLSA and/or Puerto Rico Law.

34.     Co-defendant SYNERGY asserts that Plaintiffs' claims are barred by the payment they received, amounting to all compensation to which they were entitled under the FLSA.

35.     Co-defendant SYNERGY invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

36.     Even though co-defendant SYNERGY was not an employer to Plaintiffs, it is understood Plaintiffs were potentially compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

37.     The Plaintiffs' claims are estopped by the submission of his/their own time records, for which Defendants compensated them for all overtime worked and claimed.

38.      Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

39.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel and/or laches.

40.     Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release.

41.     Plaintiffs have failed to exhaust administrative remedies.

42.     Co-defendant SYNERGY reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

43.     All actions taken by co-defendant SYNERGY with respect to Plaintiffs, if any, were supported by legitimate business reasons.

44.     To the extent Plaintiffs seeks damages not recoverable under the FLSA, Plaintiffs are barred from such recovery.

45.     Plaintiffs do not meet the criteria of commonality, typicality, numerosity and adequate representation required to certify the "Class".

46.     Co-defendant SYNERGY never incurred in any conduct that could somehow cause damages to Plaintiffs.

47.     Co-defendant SYNERGY never acted negligently.

48.     The remedies requested by Plaintiffs are exaggerated, speculative, unsupported by the allegations, and do not proceed as a matter of law.

49.     Plaintiffs fail to properly allege an unjust enrichment claim.

50.     This Court lacks subject matter and/or *in personam* jurisdiction regarding co-defendant SYNERGY in the captioned case.

51.     This Court should not exercise supplemental jurisdiction as to local law claims asserted against co-defendant SYNERGY in the captioned case.

52.     State law claims in Puerto Rico do not warrant nor authorize punitive damages.

53.      Co-defendant SYNERGY was not an enterprise within the meaning of Section 3(r) of the FLSA, nor had any part of any common business in the development of the alleged APP.

54.     Co-defendant SYNERGY was not an enterprise engaged in the production of goods in commerce as required by FLSA.  The production of goods by co-defendant SYNERGY were limited to intrastate production in the Puerto Rico territory and in its municipalities.  It never produced the statutory minimum of business in interstate commerce.

**WHEREFORE**, co-defendant SYNERGY respectfully requests that this Honorable Court dismiss the captioned case in its entirety, with prejudice, and for such other relief the Court deems just and proper. Based on all prior answers, clarifications, averments and affirmative defenses, co-defendant SYNERGY denies all Plaintiffs' prayers for relief and moves for the Court to reject

them as such regarding this co-defendant, together with any other applicable remedies including an assessment of costs and attorney fees.

**RESPECTFULLY SUBMITTED**

**WE HEREBY CERTIFY** that on this same date copy of this document has been served via the CM/ECF system upon counsel of record in this matter.

In San Juan, Puerto Rico, this July 18, 2019.

**DE GUZMAN LAW OFFICES**
P.O. Box 362738
San Juan, PR 00936-2738
Tel: (787) 756-2765
Fax: (787) 756-4024
E-mail: gdeguzman@dgglawpr.com


/s/ GUILLERMO F. DEGUZMAN
Guillermo F. DeGuzmán
USDC NO.: 201309