### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Michael Brown, Jr., et al<br>Plaintiffs,<br>v.<br>J&W Grading, Inc., et al.<br>Defendants | **Civil. No. 18-cv-01263(GMM)**<br>**RE: Violations of FLSA and State Law** |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' *Motion for Clarification Regarding Scope of Liability Trial and Pretrial Memorandum Contents in Light of Bifurcated Trial and Motion to Reschedule Pretrial Conference, or in the Alternative to Allow L. Michelle Gessner to Appear at Pretrial Conference by Video Conference* (Docket No. 576). The Court addresses each of these matters in turn.

I. <u>Clarification Regarding the Scope of the Liability Phase of Trial</u>

Plaintiffs request clarification on which claims will be the subject matter of the August 13, 2024 trial. (Docket No. 576 at 2). Plaintiffs contend that they understood the coming trial to address liability for all causes of action that remain at issue in these proceedings. (<u>Id</u>.). Conversely, Plaintiffs contend that Co-Defendant Synergy understood the scope of the August 13, 2024 trial to be "limited to the issue of FSLA liability (Doc. 519), which is the only subject the Court will entertain in the upcoming phase of the trial." (Docket No. 576-1 at 7). To clarify, Plaintiffs' interpretations of this Court's order is correct.

Civil. No. 18-cv-01263(GMM)
Page -2-

At Docket No. 519, the Court stated that given "(1) the ongoing dispute regarding whether Defendants qualify as Plaintiffs' employers under the Fair Labor Standards Act ["FLSA"], 29 U.S.C. § 201 et seq.; and (2) the number of Plaintiffs in this case, the Court finds that bifurcating the issues of liability and damages is in the interest of judicial economy." (Docket No. 519). Although Defendants' liability as employers under the FLSA was a factor in the Court's bifurcation decision, the Court never stated that FLSA liability was the sole matter being considered at the scheduled trial. Thus, the August 13, 2024 trial will consider liability as to all outstanding causes of action in this case.

II.  <u>Clarification Regarding Joint Pretrial Memorandum Contents</u>

Plaintiffs request clarification on the scope and contents of the pretrial memorandum that is due to be filed with the Court on or before July 31, 2024. (Docket No. 576 at 3). The Court stresses that the pretrial memorandum due on July 31, 2024 must be a <u>joint pretrial memorandum</u> between Plaintiffs and Defendants. No such joint pretrial memorandum has ever been filed by the Parties and thus Parties cannot simply resubmit previous pretrial memorandums that they have filed in this case.

For the purposes of the trial set to begin August 13, 2024, the contents of the aforementioned joint pretrial memorandum need only address issues of liability for all outstanding claims.

```
Civil. No. 18-cv-01263(GMM)
Page -3-
```

Parties do not need to submit any pretrial memorandum, joint or otherwise, on damages issues at this time. As with any pretrial memorandum, the anticipated joint pretrial memorandum shall include each Parties' statement of claims and/or defenses, as well as the witnesses and exhibits that Parties intend to present at the August 13, 2024 trial. The anticipated joint pretrial memorandum should also provide the Court with a list of stipulated facts, and any other matters that the Parties would like to bring to the Court's attention at the August 7, 2024 Pretrial Conference.

   III. <u>Request for Relief Related to Pretrial Hearing</u>

   Plaintiffs also ask the Court to reschedule the August 7, 2024 Pretrial Conference or, in the alternative, allow Plaintiffs' Counsel Michelle Gessner to appear virtually. (Docket No. 576 at 4). Counsel Gessner avers that she purchased a plane ticket to attend the Pretrial Conference originally set for August 2, 2024. (<u>Id</u>.). But, on July 17, 2024, the Court rescheduled the Pretrial Conference for August 7, 2024. (Docket No. 575). Counsel Gessner states that she is unable to accommodate for this changed date "given the pending obligations in other matters, and . . . [the] additional hotel and flight expenses to go back and forth [between her home and Puerto Rico]." (Docket No. 576 at 4).

   Given the Court's management of its own calendar and the time required for it to adequately prepare for this case's trial, the

Civil. No. 18-cv-01263(GMM)
Page -4-

Court will not reschedule the Pretrial Conference for Plaintiffs' requested dates of August 10, 2024 or August 12, 2024. However, the Court will, in this limited circumstance, grant Counsel Gessner's request to appear via video conference.

At Docket No. 541, the Court stated that " . . . except for good cause in compelling circumstances, all proceedings in this case shall henceforth be held in the Old San Juan Courthouse in person and the Court will not allow any party or counsel to participate via VTC." (Docket No. 541). Since the Court rescheduled the Pretrial Conference *sua sponte*, and Counsel Gessner would be required to travel from the continental United States to Puerto Rico to attend the rescheduled Conference in person, the Court finds good cause to allow her to appear via VTC on this occasion.

IV. <u>Renewed Request for Clarification Related to Damages Phase of the Bifurcated Trial</u>

Plaintiffs aver that the Court failed to provide their requested clarification "regarding the use of a single jury and the timing of the damages phase of the trial." (Docket No. 567 at 4). On July 3, 2024, Plaintiffs filed *Plaintiffs' Motion for Clarification and/or Reconsideration of the Court's Order Bifurcating the Issues of Liability and Damages* ("Motion to Reconsider Bifurcation") and *Memorandum of Law in Support of Plaintiffs' Motion for Clarification and/or Reconsideration of the Court's Order Bifurcating the Issues of Liability and Damages*.

Case 3:18-cv-01263-GMM    Document 578    Filed 07/19/24    Page 5 of 6

**Civil. No. 18-cv-01263(GMM)**
**Page -5-**

(Docket Nos. 565; 566). Therein, Plaintiffs (1) asked the Court to reconsider its bifurcation decision; and (2) if the Court is not inclined to reconsider its bifurcation order, then Plaintiffs requested that the liability and damages phase of the trial be held "in contemporaneous succession in front of the same jury." (Docket No. 566 at 16).

On July 8, 2024, the Court entered an order on the Motion to Reconsider Bifurcation. (Docket No. 567). There, the Court denied Plaintiffs' reconsideration request, and in response to Plaintiffs' secondary scheduling request, the Court stated that "the Court is unable to accommodate Plaintiffs' scheduling request at the expense of the other proceedings it is tasked with overseeing." (Id.). Thus, for the sake of utmost clarity, the Court reiterates that it is unable to consecutively celebrate the liability trial and any potential damages trial in this case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, July 19, 2023.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE

**Civil. No. 18-cv-01263(GMM)**
**Page -6-**