# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| Michael Brown, Jr., Nathan Cole, Aaron Floyd, Brandon Horton, Eric Moore, Gregory Seal, John Wilterding, Manny Rivera, Richard Padilla, Dan Vischansky, Neal Nida, Kevin Shofner, Shaun Stockton, Kyran Adams, Cody Piper, John Gable, Donna Turbville, individually, on behalf of themselves and all other similarly situated,<br><br>**PLAINTIFFS,**<br><br>AND<br><br>Brent Reed, Robert Kemptner, Michael Medina, Jesse Wade, Cody J. Egan, Jr., Carlton Ross, Jr., Michael Franks, Colby Goudy, Lamarcus Franks, Wesley Ray Taylor, Billy Ray Jones, Brian Eakin, Richard Culbreath, Deana Burch, Anthony Horton, Jonathon Harmon, Michael Wade Yearby, Steve Gibson, Rocky Buras, Juan Esquivel, Merritt Cox, Mark Allen Kleiman, Douglas Paul Wolverton, Shawn Barker, Brian Holland, Edward Bannister, Robert Walden, James Dendy, Benjamin M. Jackson, and Brandon Horbelt<br><br>Intervening Plaintiffs,<br><br>**vs.**<br><br>J&W Grading, Inc., Migo IQ, Inc., Radar_Apps, Inc., ECO IQ LLC, Cloud IQ, LLC, Estrada LLC, Mojo Transport, LLC, Ronnie Guthrie, Jonathon Kotthoff, Carol Leese, Jason Neilitz; Ivelisse Estrada Rivero; and DOES 1-100.<br><br>**DEFENDANTS.** | CIVIL NO.: 18-1263 (GMM)<br><br><br><br>COLLECTIVE AND CLASS ACTION |

# MOTION FOR THE COURT TO ISSUE FINAL JUDGMENT PURSUANT TO MEMORANDUM BY ALL PARTIES [DOCUMENT NO. 682] FOR FAILURE TO COMPLY WITH COURT ORDERS [DOCUMENTS NO. 684 AND 687]

**TO THE HONORABLE COURT:**

  **COMES NOW** Co-defendants SYNERGY LLC ("SYNERGY") and IVELISSE-ESTRADA RIVERO ("Estrada-Rivero"), represented by and through the undersigned attorneys, and before this Honorable Court respectfully STATE and PRAY as follows:

  1. SYNERGY and Estrada Rivero, together with all other parties to this case, agreed to settle the captioned case. The parties, pursuant to Court order (Doc. 683) detailed and memorialized the terms and conditions of their settlement agreement in a document entitled MEMORANDUM BY ALL PARTIES, properly signed by counsel for all parties. See, Doc. 682.

  2. Upon said filing, the Court issued Orders (Doc. 684) and, thereafter (Doc. 687)[1], allowing for the parties to file a Confidential Settlement Agreement and a request to voluntarily dismiss the case no later than yesterday. The main order commanded: ["ORDER noting 682 Memorandum by all Parties. Parties shall file confidential settlement agreement **and notice of voluntary dismissal** by September 3, 2024. Upon the settlement reached and informed by the Parties at Docket No. 682, the Jury Trial set for August 13, 2024 is vacated. Signed by Judge Gina R. Mendez-Miro on 8/13/2024.(om) Modified docket text as per crd's request on 8/12/2024 (rim). (Entered: 08/12/2024)"] (Our emphasis).

  3. The parties were unable to comply accordingly yesterday, due to counsel for plaintiffs' obstinacy, insisting on the following:

  (i) the case cannot be dismissed until defendant have paid all amounts subject of the settlement agreement, thus the effective day of the agreement would not

---

[1] Granting until September 18, 2024, to comply with Doc. 684.

2

happen until all settlement payments have been paid in full and the Court approves the settlement.

(ii)    Defendants cannot make any deductions and/or retentions for tax purposes out of the settlement amounts agreed, regardless of the applicability of the Puerto Rico tax laws[2].

(iii)    Disclaimer language suggested for the settlement agreement ("The referred commitments and obligations of codefendants are personal and individual, with no joint and several responsibility among codefendants for compliance with the agreed payments and obligations."), mirroring ¶ 2 of the MEMORANDUM BY ALL PARTIES (Doc. 682), was rejected, creating a false expectation of a joint and several responsibility among defendants.

4.    Plaintiffs' contentions openly defy the Court's Order (Doc. 684) regarding dismissal of the case upon presentation of the confidential settlement agreement. Moreover, plaintiffs' position becomes a nonsensical conundrum when it attempts to enforce obligations that will not become enforceable until they have been fully complied with! Respectfully, SYNERGY and Estrada Rivero cannot understand this, much less when the Court already ruled that the filing of the confidential settlement agreement had to be accompanied by a <u>notice for voluntary dismissal</u>. Plaintiffs negotiated advantageous/burdensome terms and conditions to address any type of failure to comply with any of the agreed settlement payments, including penalties, interest and confession of judgment. Leaving the case open was not one of said options and is contrary to the agreements and Court's determination in Doc. 684.

---

[2] Plaintiffs counsel would not provide the necessary information for preparation of the 480 Forms, including mailing address and social security number for each plaintiff.

5. Moreover, both plaintiffs and defendants are compelled to abide by the applicable Puerto Rico tax laws in complying with and receiving settlement payments. Tax retentions required by local law cannot be waived. Counsel for plaintiffs' threats of sanctions against any party making any type of tax retention constitutes an attempt at obstructing justice and incitement to violate the law. Counsel for plaintiffs' own interpretations as to the applicability and/or enforceability of local tax law to the settlement payments in this case are not a subject to debate here, but for a claim to be pursued before the Puerto Rico Treasury Department. One way or the other, defendants offered plaintiffs to deposit all settlement payments with this Court for them to retrieve them and present any type of argument(s) as to the applicability of retentions based on local tax laws. This was rejected outright by plaintiffs and their counsel. The Appearing SYNERGY and Estrada Rivero are not willing to violate tax laws, thus hereby request they be allowed to deposit with the Court all installment-based settlement payments due pursuant to the settlement agreed and memorialized in Doc. 682.

6. Last but not least, plaintiffs intended to supersede all prior agreements, including the one spelled out in the MEMORANDUM BY ALL PARTIES (Doc. 682), with the confidential settlement agreement. And yet, plaintiffs were unwilling to include in the draft confidential settlement agreement document clear language inserted in the MEMORANDUM (DOC. 682) that clarified the obligations for settlement payments to be individual not joint and several. Defendants were not willing to surrender rights already negotiated and approved for settlement, to be substituted with ambiguities that could lead to arguments and litigation down the road. Yet, plaintiffs' counsel's obstinacy prevented a fair and normal solution to a straightforward situation that has and will avoid the risk of confusion.

7.    Based on the aforementioned entrenched, inapposite and unlawful positions assumed by plaintiffs, the parties were not able to complete the confidential settlement agreement document required by the Court, leaving the record of the Court only with the MEMORANDUM BY ALL PARTIES (Doc. 682). Thus, accordingly, codefendants SYNERGY and Estrada Rivero respectfully request the Court to issue a Final Judgment, based on the terms and conditions outlined in the MEMORANDUM BY ALL PARTIES, releasing all defendants from any and all liability and/or responsibility pertaining to the claims asserted in this case, allowing for defendants to deposit with Clerk of the Court all settlement payments pursuant to the agreed payments schedule (for plaintiffs to retrieve them), and dismissing the case with prejudice as agreed.

**WHEREFORE**, co-defendants SYNERGY and Estrada-Rivero respectfully request that this Honorable Court takes notice of the aforementioned and issue a Final Judgment accordingly.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY** that on this same date copy of this document has been served via the CM/ECF system upon counsel of record in this matter.

In San Juan, Puerto Rico, this September 19, 2024.

**DE GUZMAN LAW OFFICES**
P.O. Box 362738
San Juan, PR 00936-2738
Tel: (787) 756-2765
Fax: (787) 756-4024
E-mail: gdeguzman@dgglawpr.com


/s/ GUILLERMO F. DEGUZMAN
Guillermo F. DeGuzmán
USDC NO.: 201309